CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 0 1 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:17CR00025 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| REGAN DWAYNE REEDY and | ) |
| SUSAN ANNETTE REEDY, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

On August 30, 2017, the parties appeared before the court for a hearing on various motions filed by the government and the defendants. This memorandum opinion sets forth the court's rulings on the pending motions.

## Background

On March 16, 2017, Regan and Susan Reedy were charged in an eleven-count indictment returned by a grand jury in the Western District of Virginia. Count One charges Mr. Reedy with conspiracy to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371. Counts Two through Eleven charge the defendants with bankruptcy fraud under 18 U.S.C. § 152(1) & (3).

On April 10, 2017, the defendants were brought before a magistrate judge for their initial appearances, and counsel was appointed to represent them. The following day, both defendants were released on bond. A jury trial was scheduled to begin on June 20, 2017.

On May 25, 2017, the court held an attorney status hearing at which both defendants waived the right to counsel and elected to proceed pro se. The court severed their cases for trial and rescheduled the jury trials for August 7, 2017 and August 14, 2017, respectively. Both defendants executed written waivers of their right to a speedy trial and expressly consented to having their trials continued from the original date.

On June 4, 2017, Mr. Reedy was arrested and charged in state court with forgery and providing false information to a law enforcement officer. The following day, the United States Probation Office petitioned for the issuance of an arrest warrant and the revocation of Mr. Reedy's bond. An arrest warrant was issued on June 6, 2017 and lodged as a detainer with the state authorities. Mr. Reedy remains in state custody.

On August 3, 2017, the parties appeared before the court for a hearing on motions filed by the government. The following day, the court entered an order directing the government to provide Mr. Reedy access to its written discovery materials in hard copy form, and to make arrangements for him to listen to and/or view any relevant audio or video recordings. Additionally, in order to allow the pro se defendants additional time to review discovery and prepare for trial, the court continued Mr. Reedy's jury trial to September 13, 2017, and Mrs. Reedy's jury trial to September 28, 2017. Given the defendants' failure to initiate timely discovery requests and their expressed desire to reschedule their trial until such time as they could make more complete preparations, the court deemed the intervening periods excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. Specifically, the court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). The court indicated that its finding was based on the determination that the failure to continue the defendants' trials would deny them the reasonable time necessary to effectively prepare, taking into account the exercise of due diligence. See id. § 3161(h)(7)(A)(iv).

On August 7, 2017, Special Agent Ross Pierson delivered a box containing written discovery materials and seven discs to the Western Virginia Regional Jail, where Mr. Reedy is currently incarcerated. Mr. Reedy refused to sign the form acknowledging receipt of the materials. On August 8, 2017, after the jail expressed a preference for providing inmates access

2

to discovery via electronic means, Special Agent Pierson delivered eight discs containing the discovery applicable to Mr. Reedy's case. Mr. Reedy once again refused to sign the form acknowledging receipt of the materials. Likewise, on August 18, 2017, Mr. Reedy refused to sign the form acknowledging receipt of an additional disc.

On August 11, 2017, the government moved to modify the court's previous order regarding discovery in Mr. Reedy's case. The government then moved for a ruling on several requests for discovery by Mrs. Reedy. In the meantime, the defendants filed various submissions challenging the court's jurisdiction. The court held a hearing on all of the pending motions on August 30, 2017. During the hearing, the defendants made additional oral motions.

## Discussion

### I. Government's motions

#### A. Motion to modify the August 4, 2017 order

The government moved to modify the provision of the August 4, 2017 order pertaining to Mr. Reedy's access to discovery. For the reasons stated during the hearing, the court finds that the government has satisfied its current discovery obligations in Mr. Reedy's case. Accordingly, the court will grant the government's motion. It is understood, however, that the court is willing to have Mr. Reedy transported to the federal courthouse to review the discovery in his case, including any written materials in hard copy form. If Mr. Reedy wishes to take advantage of this opportunity, he must contact the court immediately.

#### B. Motion for ruling on discovery requests

The government also requested a ruling on certain discovery requests made by Mrs. Reedy. The requested materials include documents identified as "Federal Reserve daily net transfer logs," "SEC call reports," and "secret IRS manuals." The court finds that the documents requested by Mrs. Reedy are irrelevant to the charges against her, available from other sources,

and/or nonexistent. Accordingly, to the extent Mrs. Reedy sought to compel the government to produce the requested documents, the motion is denied.

**II.     Defendants' motions**

**A.     Motions challenging jurisdiction**

The court received submissions from both defendants challenging the court's jurisdiction. The defendants have asked the court to disclose the constitutional basis upon which it has authority to exercise jurisdiction over matters arising from a debt in Pulaski County, Virginia.

Article III of the Constitution of the United States provides, in pertinent part, that the "judicial power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1. Section 2 explains that the "judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. By statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Additionally, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

As demonstrated by the foregoing constitutional and statutory provisions, this court has jurisdiction in the instant case, and the defendants' arguments to the contrary are without merit. To the extent the defendants seek to dismiss the indictment for lack of jurisdiction, the motions are denied.

B. **Oral motion for release from incarceration**

During the hearing, Mr. Reedy requested to be released from incarceration. As indicated above, Mr. Reedy is currently in state custody and the federal arrest warrant for alleged bond violations is lodged as a detainer. Because Mr. Reedy is not in federal custody, this court is not authorized to release him from incarceration. Accordingly, his motion is denied.

C. **Oral motion to dismiss the indictment**

Mrs. Reedy also made an oral motion to dismiss the indictment on the basis of an alleged violation of her right to a speedy trial. Interpreting the defendant's argument liberally, the court will consider her speedy trial challenge under both the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and the Sixth Amendment.

a. **Speedy Trial Act**

Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy days from the filing date of the information or indictment, or from the date of the defendant's first appearance before a judicial officer, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). The time periods specified in the Speedy Trial Act do not run continuously. The Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). The excludable time includes delays attributable to continuances "granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government," if the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Delays attributable to pretrial motions are also excluded from computation. 18 U.S.C. § 3161(h)(1)(D).

In this case, the defendants' trials were continued on two occasions. On each occasion, the court explained its reasons for finding that the ends of justice served by granting the

5

continuance outweighed the interests of the public and the defendants in a speedy trial. Accordingly, regardless of whether the defendants personally requested both continuances, the time periods covered by the court's orders granting the continuances are excluded from the computations under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A) see also United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (emphasizing that "the plain language of section 3161(h)(7)(A) 'does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial'") (quoting United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009)).

Excluding the delays resulting from pretrial motions and continuances, the defendants will be tried less than seventy days from the date of their initial appearances. Accordingly, Mrs. Reedy's challenge under the Speedy Trial Act is without merit.

b. **Sixth Amendment**

To the extent Mrs. Reedy asserts a violation of her Sixth Amendment right to a speedy trial, such challenge also lacks merit. In assessing whether a defendant's constitutional right to a speedy trial has been violated, courts consider the factors articulated by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972), which include the length of the delay between indictment and trial. This particular factor is "also a threshold requirement, because 'simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.'" United States v. Woolfolk, 399 F.3d 590, 597 (4th Cir. 2005) (quoting Doggett v. United States, 505 U.S. 647, 651-52 (1992)). The Supreme Court has observed that "postaccusation delay [is] presumptively prejudicial at least as it approaches one year." Doggett, 505 U.S. at 652 n.1. The United States Court of Appeals for the Fourth Circuit has recognized that a delay of eight months

6

may qualify as presumptively prejudicial in cases involving "little complexity." Woolfolk, 399 F.3d at 598.

In the instant case, the defendants were indicted in March of 2017 and are scheduled to be tried in September of 2017. An interval of only six months, under the circumstances of this case, is not presumptively prejudicial, and thus does not satisfy the threshold requirement for triggering a constitutional speedy trial analysis. Accordingly, to the extent Mrs. Reedy seeks dismissal of the indictment on speedy trial grounds, the motion is denied.

### D. Oral motion to consolidate

In the final motion made in open court, Mrs. Reedy seemingly requested that the criminal prosecution be consolidated with a civil action currently pending in this district. See Reedy v. Bank of Wells Fargo, 7:17CV00238 (filed on May 25, 2017). Because it would be procedurally improper to consolidate the criminal and civil proceedings, Mrs. Reedy's motion is denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendants and all counsel of record. The Clerk is further directed to fax copies of the memorandum opinion and order to the Western Virginia Regional Jail, where they shall be hand-delivered to Mr. Reedy.

DATED: This 1st day of September, 2017.

_____
United States District Judge